

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2004

# USA v. Santo

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Santo" (2004). *2004 Decisions.* Paper 1005.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1005

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1542
_____

UNITED STATES OF AMERICA,

v.

FRANCISCO SANTO
a/k/a
FRANKIE

Francisco Santo

Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  94-cr-00497-2)
District Court Judge: Hon. Thomas J. O'Neill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2004

Before:  ALITO, CHERTOFF and BECKER, <u>Circuit Judges</u>

(Opinion Filed: February 13, 2004)

_____

OPINION OF THE COURT
_____

ALITO, <u>Circuit Judge</u>:

This appeal requires us to decide whether the District Court erred as a matter of law and fact when it did not grant Appellant Francisco Santo a two-level downward adjustment, pursuant to U.S.S.G. § 3B1.2, based on the extent of his participation in a drug distribution conspiracy. Santo claims that because his participation as a street seller of heroin in the instant criminal conspiracy was minor, he was substantially less culpable than the average participant in the conspiracy. The District Court disagreed and denied the two-level downward adjustment. Because we agree with the District Court's conclusion that Santo's contribution to this conspiracy as a street seller does not qualify him for entitlement to a two-level downward adjustment, we will affirm.

**I.**

Between February 1992 and March 1994, Santo and many others participated in the Nissan Heroin Organization, a narcotics distribution organization that sold heroin from a street corner in Philadelphia. Santo participated in some of these drug sales during a three-month period early in the conspiracy. By pleading guilty to participation in this conspiracy, Santo accepted responsibility for selling approximately 735 grams of heroin on the corner during the day shift during the three-month period of his participation.

There is no dispute that Santo's participation in this conspiracy was rather limited, and that his role was less important than the government originally believed. Because Santo played a more limited role in this rather large conspiracy, the Probation Officer did

-2-

not seek an enhancement under U.S.S.G. § 3B1.1 for an aggravating role as an "organizer, leader, manager, or supervisor."

Insofar as Santo's plea agreement obligated him to render substantial assistance to the government, he adhered to that condition. According to the government, he provided useful cooperation. However, Santo violated the conditions of bail twice by leaving the jurisdiction and returning home to the Dominican Republic. When last arrested on March 19, 2002 in St. Croix, U.S. Virgin Islands, he had been a fugitive for approximately five years. Charges of illegal entry are pending against him in that jurisdiction.

Santo originally agreed to cooperate with the authorities. However, he forfeited his chances of being considered for a motion for a downward departure for substantial assistance to authorities, under U.S.S.G. § 5K1.1, by becoming a fugitive from justice. Due to Santo's unusual combination of cooperation and absconding, the Probation Officer and the government recommended both a three-level reduction in offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and a two-level increase for obstruction of justice, pursuant to U.S.S.G. § 3C1.1. Prior to sentencing, defense counsel proposed an additional two-level downward adjustment pursuant to U.S.S.G. § 3B1.2, arguing that Santo's role in the offense was minor. Denial of that motion is the issue on appeal.

## II.

Contrary to Santo's contention, the District Court did not conclude that Santo was

ineligible for the adjustment for being a minor participant in the criminal conspiracy as a matter of law. Instead, the District Court properly considered Santo's participation under U.S.S.G. § 3B1.2. In particular, the District Court noted that the guidelines "provide[] a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant," and made a factual determination on that basis. See U.S.S.G. § 3B1.2 Application Note 3. Prior to deciding whether Santo was entitled to a downward adjustment in his offense level pursuant to U.S.S.G. § 3B1.2, the District Court entertained argument on the issue from both defense counsel and counsel for the government. After evaluating Santo's participation in the conspiracy, the District Court concluded: "I just don't think that fits this defendant, who was a street seller. So I will not honor the defense request on this matter." App. 198a.

## III.

Where the District Court has denied a downward adjustment under U.S.S.G. § 3B1.2 based primarily upon a legal interpretation of the sentencing guidelines, we exercise plenary review. Where the sentencing court's decision is based upon a factual determination, our review is for clear error. United States v. Isaza-Zapata, 148 F.3d 236, 237 (3d Cir. 1998) ("We employ a mixed standard of review when considering whether a defendant was entitled to a downward adjustment as a minor participant.").

## IV.

The Sentencing Guidelines afford sentencing courts discretion to adjust a

defendant's sentence if his participation in the offense was minor.  U.S.S.G. § 3B1.2(b)

("If the defendant was a minor participant in any criminal activity, decrease by 2 levels.").

The district courts are allowed broad discretion in applying this section, and their rulings

are left largely undisturbed by the courts of appeal.  United States v. Isaza-Zapata, 148

F.3d 236, 238 (3d Cir. 1998).

We have set forth three factors that are relevant to the determination of the

applicability of a minor role adjustment: "1) the defendant's awareness of the nature and

scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other

participants; and (3) the importance of the defendant's actions to the success of the

venture."  United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2001) (citation omitted).

Evaluating these factors, aided by defense counsel's argument, the District Court was not

persuaded that Santo's role was minor.  We are not convinced that the District Court's

factual finding was clearly erroneous.

There was abundant evidence that Santo was an integral part of the conspiracy.

This conspiracy was responsible for distributing 18.75 kilograms of heroin over a period

spanning two years.  For the first three months of the conspiracy, Santo sold 735 grams of

heroin directly to customers, collected their money, and transferred it to other members of

the organization.  He also assisted in setting up drug transactions between customers and

other members of the organization.  He spoke directly to the customers, obtained the

heroin necessary to complete the transaction, provided the heroin to a seller, and received

money for the sale. In this capacity, Santo's participation in the criminal conspiracy was integral, and he was fully aware of the various roles of his co-conspirators. As illustrated below, such active, integral participation in the conspiracy is sufficient to justify the District Court's factual finding that Santo did not play a "minor" role as contemplated in U.S.S.G. § 3B1.2(b).

Each member of the Nissan Heroin Organization had a separate and distinct role, each integral to the existence and success of the organization. The leaders or managers of the organization were responsible for supplying the heroin to the corner and collecting funds from their shift bosses. The shift bosses were responsible for directing the sellers to the customers, secreting the heroin held for sale, re-supplying the street sellers, and receiving money from the sellers, ultimately transferring it to the leaders or managers. Assistant shift bosses were responsible for secreting the heroin held for sale, re-supplying the street sellers, and receiving money from the sellers. The street sellers were responsible for the street level sales of heroin to the organization's customers. The conspiracy could not have thrived, as it did for more than two years, without the contributions of each of these participants. Therefore, in his particular role as a street seller in this particular conspiracy, Santo played an integral role.

By analogy, we have previously affirmed a District Court's denial of a downward adjustment for a minor role, where the defendant was far less involved in the drug conspiracy than was Santo. United States v. Carr, 25 F.3d 1194 (3d Cir. 1994) cert.

denied, 513 U.S. 1086 (1995). In Carr, the defendant repeatedly transported large sums of proceeds from illegal drug deals to a foreign destination, but claimed to be merely a traveling companion to the actual courier. During one trip, Carr was stopped, searched, and found to have $180,000 in marked bills in his possession. The money was hidden in coffee cans in his carry-on luggage, which was in his possession at all times. Carr was convicted, and the District Court denied his request for a two-level reduction for being a minor participant. In affirming the District Court's denial of Carr's request, we reaffirmed our conclusion in United States v. Headley, 923 F.2d 1079, 1084 (3d Cir. 1991), that "[t]he fact that a defendant's participation in a drug operation was limited to that of courier is not alone indicative of a minor . . . role."

## V.

After careful review of the record and thorough examination of the parties' arguments, the sentence imposed by the District Court is affirmed.

*United States of America*, No. 03-1542

Becker, *Circuit Judge*, dissenting.

The majority's opinion is persuasive that the record would support a finding that Santo is not entitled to an adjustment for minor role. But the District Court's ratio decidendi is encapsulated in its pronouncement that: "I just don't think that fits this defendant, who was a street seller." In my view, the District Court has made a legal determination that a street seller will never be entitled to a minor role adjustment, which contravenes our opinion in *United States v. Rodriguez*, 342 F.3d 296 (3d Cir. 2003), where we held that the District Court should not make legal determinations that certain categories of criminals (there the least-knowledgeable mule, here the street seller) are not entitled, as a matter of law, to a downward adjustment for minor role. I would vacate and remand for further consideration in light of *Rodriguez*, which had not yet been decided at the time of Santo's sentencing.